HAZARD *against* McFARLAND, WEEKS and WEBB.

*Creditor's bill; what may be reached by.*

THE defendant Webb kept a shoe store in the city of Brooklyn. In 1846 he left his family and his business, and was absent three or four weeks, leaving his store and stock in charge of a clerk.

During his absence the defendants McFarland and Weeks, who were creditors of Webb, persuaded the wife of the latter to put into their hands the principal part of the stock of Webb, which they removed, they agreeing to dispose of the goods, and pay over to Mrs. Webb any surplus of proceeds over and above the amount of their debts. The claim of Weeks against Webb consisted of a promissory note for $75. McFarland paid the $75 to Weeks, and took the whole property.

The plaintiff subsequently obtained judgment against Webb, and issued an execution, with which the sheriff called upon McFarland and demanded the goods, and the latter denied that he had them.

The plaintiff filed a creditor's bill against Webb, making McFarland and Weeks parties. The proof showed that the goods taken were of sufficient value to pay the plaintiff's judgment, and that they had been sold.

The Supreme Court, at special term, made a decree against the defendants McFarland and Weeks, for the amount of the plaintiff's judgment, charging Weeks with the sum of $75, which he had received from McFarland, and the latter with the residue.

On appeal to the Court of Appeals, this decree was affirmed, on the ground that the defendants were wrong-doers in taking the property, and, having converted it into money, held the money in trust for the judgment

creditors of Webb, and a personal decree against them was therefore proper. If the property had still been held by them, a receiver would have been necessary to take the property and sell it.